FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

13 DEC -9 PM 12:38

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

LONNIE S. HORNE, and all
others similarly situated,

        Plaintiffs,

vs.

Case No: _____

O'BRIEN AUTOMOTIVE OF FLORIDA,
LLC, O'BRIEN IMPORTS OF FT. MYERS,
INC., and O'BRIEN AUTO TEAM, INC.;

2:13-cv-858-FtM-38DNF

        Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, by and through its undersigned counsel, sues the Defendants, O'BRIEN AUTOMOTIVE OF FLORIDA, LLC, O'BRIEN IMPORTS OF FT. MYERS, INC., and O'BRIEN AUTO TEAM, INC. (hereinafter collectively referred to as "Defendants") and hereby set forth this collective action for violation of the Fair Labor Standards Act under 29 U.S.C. § 216(b) as follows:

**Jurisdiction**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201 *et seq.*, hereinafter referred to as "FLSA") to recover unpaid back wages, overtime wages, an additional amount of liquidated damages, declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of this Court is conferred by 29 U.S.C. § 216(b).

**Parties**

1

3. At all times material hereto, Plaintiff, LONNIE HORNE, was a resident of Lee County, Florida and was employed by the Defendants.

4. At all times material hereto, O'BRIEN AUTOMOTIVE OF FLORIDA, LLC, O'BRIEN IMPORTS OF FT. MYERS, INC., were and continue to be Florida corporations.

5. At all times material hereto, O'BRIEN AUTO TEAM, INC. was and is an Illinois corporation registered in Florida.

6. All of the Defendants were and are engaged in business in Florida with their principal places of business located at 2850 Colonial Blvd., Fort Myers, Florida 33966.

7. At all times material hereto, each of the Defendant business entities was authorized to do business in the State of Florida.

8. At all times material hereto, Plaintiffs and those similarly situated, were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material, Defendants were and continue to be "employers" as defined under 29 U.S.C. § 203(d).

10. At all times material, the Defendants were and continue to be "enterprises engaged in commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of the Defendant business enterprises is in excess of five hundred thousand dollars ($500,000.00).

12. At all times material hereto, the work performed by the Plaintiffs and those similarly situated, was directly essential to the business performed by the Defendants.

13. At all times relevant, the Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay said Plaintiffs and those similarly situated.

14. The additional persons whom may become Plaintiffs in this action are or were non-exempt employees of the Defendants, whom held similar positions to the Plaintiffs who

a) were uncompensated for compulsory time worked;

b) were not paid overtime wages at one and times the regular rate for hours required to work; and/or

c) were not paid minimum wage for all hours worked.

15. This action is to include each and every non-management, employee in the parts department whom worked for the Defendants at any time in the past three years.

16. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiffs and others similarly situated are in the possession and custody of the Defendants.

## Statement of Facts

17. At various times hereto, Plaintiffs and others similarly situated, worked in excess of forty (40) hours within one week.

18. Defendants failed to compensate Plaintiffs and others similarly situated, at a rate of one and half times the regular rate for all hours worked in excess of forty (40) hours per week as required by the FLSA.

19. At various times hereto, the Defendants required the Plaintiffs and others similarly situated, to deduct from their "clocked" time for lunch and other breaks while requiring the employees to continue working for these periods.

20. During these times and other times material hereto, the Plaintiffs and others similarly situated were not paid the minimum wage for all hours worked.

21. Defendants systematically denied the Plaintiffs and others similarly situated from taking accrued paid time off and failed to compensate them for paid time off upon separation.

22. Defendants have violated Title 29 U.S.C. §207 from at least September 2011 and continuing to this date, in that:

   (a) Plaintiff and others similar situated, worked in excess of forty hours per week for their period of employment with Defendants.

   (b) No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs and those similarly situated, for minimum wages, at their regular rate and overtime wages, at the statutory rate of one and one-half times the regular rate of pay for those hours worked in excess of forty as provided by the FLSA and the policy manual for the Defendant businesses.

   (c) Defendants have failed to maintain proper time records as mandated by the FLSA.

23. Plaintiffs have retained the law firm of Viles & Beckman, L.L.C. to represent them, and others similarly situated, in this litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I: FLSA COLLECTIVE ACTION
### Failure to Pay Overtime Wages In Violation of the FLSA, 29 U.S.C. §216(b)

24. Plaintiff, and others similarly situated, re-allege and incorporate paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Plaintiff, LONNIE HORNE, was employed by the Defendants from approximately July 21, 2006 through August 30, 2013.

26. Defendant's failure to provide Plaintiffs and those similarly situated, with overtime compensation for hours worked over forty (40) per week, constitutes a violation of the maximum hour provisions of the FLSA, 29 U.S.C.§ 207.

4

27. Defendant has failed to maintain proper time records as mandated by the FLSA.

28. Defendant's failure to provide Plaintiffs with overtime compensation was willful or done with reckless disregard of the requirements of the FLSA.

29. Plaintiffs and others similarly situated are entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated, and all proposed members of the FLSA representative action, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

(b) Designation of Plaintiff, as Representative Plaintiff of the putative members of the FLSA representative action;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

(d) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

(e) An award of damages for overtime compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

(f) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

(g) Pre-Judgment and Post-Judgment interest, as provided by law; and

(h) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### COUNT II- FLSA COLLECTIVE ACTION
### RECOVERY OF MINIMUM WAGES

30. Plaintiff, and others similarly situated, re-incorporate and re-adopt paragraphs 1 through 23 in this complaint.

31. Plaintiff, LONNIE HORNE was employed by the Defendants from on or about July 21, 2006 until August 30, 2013.

32. Plaintiff and others similarly situated were entitled to be paid minimum wages for each hour worked during their employment with Defendants.

33. Since then, Plaintiff has demanded compensation for all hours worked, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendants.

34. Defendants willfully failed to pay Plaintiff minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

35. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs and all proposed members of the FLSA representative action, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

(b) Designation of Plaintiff, as Representative Plaintiff of the putative members of the FLSA representative action;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

(d) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

(e) An award of damages for minimum wage compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendants;

(f) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

(g) Pre-Judgment and Post-Judgment interest, as provided by law; and

(h) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this 6th day of December, 2013.

>VILES & BECKMAN, LLC
>Attorneys for Plaintiff
>6350 Presidential Court
>Fort Myers, Florida 33919
>Telephone: (239) 334-3933
>Facsimile:  (239) 334-7105
>
>Email: marcus@vilesandbeckman.com
>Email: Alison@vilesandbeckman.com
>Email: Matt@vilesandbeckman.com
>
>By: _____
>Marcus W. Viles, Esquire
>Florida Bar No.: 0516971