UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LONNIE S. HORNE, and all others
similarly situated

    Plaintiff,

v.                                      Case No:   2:13-cv-858-FtM-38DNF

O'BRIEN AUTOMOTIVE OF FLORIDA,
LLC, O'BRIEN IMPORTS OF FT.
MYERS, INC. and O'BRIEN AUTO
TEAM, INC.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion for Approval of Settlement and Motion to Dismiss With Prejudice (Doc. 21) filed on July 2, 2014, and the Settlement Agreement and Release (Doc. 25)[1] filed on July 25, 2014. The Plaintiff, Lonnie S. Horne and the Defendants, O'Brien Automotive of Florida, LLC, O'Brien Imports of Ft. Myers, Inc. and O'Brien Auto Team, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or

---

1 The parties filed two prior Settlement Agreement and Releases that were not fully executed.   (See, Doc. 21-1, and 23).

compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff worked for the Defendants as a partsman. (Doc. 21, ¶9). Even though the parties agreed to settle this matter, they had a core dispute over whether the Plaintiff would be entitled to any overtime wages based upon the partsman exemption from overtime set forth in 29 U.S.C. §213(b)(10)(A) of the Fair Labor Standards Act. (Doc. 21, p. 3). The parties agreed that the Defendants had the superior position regarding the application of the partsman exception to overtime found in the Fair Labor Standards Act. (Doc. 21, p. 3). The parties decided to settle for a nominal value to avoid the expense of litigation, especially in light of the possible application of the exemption. (Doc. 21, p. 3). The parties agreed to settle this action for $5,000.00. The

Plaintiff is to receive $1,213.26 for lost wages, and $1,213.26 for any remaining claims as well as for liquidated damages. (Doc. 25, p. 2-3).

The Plaintiff's counsel expended 19.70 hours at an hourly rate of $225.00 per hour for a total of $4936.28, plus costs in the amount of $661.28[2]. (Doc. 21, p. 2). The Plaintiff's attorney agreed to reduce the amount of fees and costs to $2573.48 to facilitate settlement. (Doc. 21, p. 2). The Defendants agree to pay attorneys and costs in the amount of $2573.48. The Settlement Agreement and Release appear reasonable on its face. The Court determines that this settlement is fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of Settlement and Motion to Dismiss With Prejudice (Doc.21) be **GRANTED** and the Settlement Agreement and Release (Doc. 25) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

2 The Court is unsure as to how the parties arrived at a total of $4936.26 when 19.7 hours x $225.00 = $4432.50 + $661 = $5093.50. However, how the parties arrived at a total of $4936.28 is immaterial because Plaintiff's counsel agreed to reduce his rate to $2573.48 to facilitate settlement.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 29, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties